# Exhibit "A"

ELECTRONICALLY FILED
7/2/2013 11:19 AM
70-CV-2013-900077.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

# IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
# ALEXANDER CITY DIVISION

DERENDA G. LEWIS, the Personal    *
Representative of the Estate of    *
Donny K. Lewis, deceased,    *
   *
    Plaintiff,    *
   *
v.    *     CASE NO.: CV-13-_____
   *
INVACARE CORPORATION; EAST    *
ALABAMA HOMEMED, LLC;    *
Fictitious party defendant No. 1,    *
whether singular or plural, is that    *
certain person or persons, entity or    *
entities, who or which was    *
responsible for the incident giving rise    *
to this lawsuit; Fictitious party    *
defendant No. 2, whether singular or    *
plural, is that certain person or    *
persons, entity or entities, who or    *
which was responsible for the sale,    *
delivery, distribution, design,    *
fabrication, assembly, alteration    *
and/or manufacture of the walker    *
which caused the Plaintiff's    *
decedent's injuries and which is the    *
basis of this lawsuit; Fictitious party    *
defendant No. 3, whether singular or    *
plural, is that certain person or    *
persons, entity or entities other than    *
those entities described above who or    *
which supervised, oversaw,    *
monitored, or otherwise controlled or    *
reserved the right to control    *
production of the final product sold    *
and/or distributed under the Invacare    *
label; Fictitious party defendant No. 4,    *
whether singular or plural, is that    *
certain person or persons, entity or    *
entities other than those entities    *
described above who or which sold,    *
delivered, distributed, designed,

fabricated, assembled, altered,　　　　*
manufactured, and/or had　　　　*
manufactured the walker which　　　　*
caused the Plaintiff's decedent's　　　　*
injuries and which is the basis of this　　　　*
lawsuit; Fictitious party defendant No.　　　*
5, whether singular or plural, is that　　　*
certain person or persons, entity or　　　*
entities other than those entities　　　*
described above who or which　　　*
repaired, retrofitted, and/or altered the　　*
walker which caused the Plaintiff's　　　*
decedent's injuries and which is the　　　*
basis of this lawsuit; Fictitious party　　　*
defendant No. 6, whether singular or　　　*
plural, is that certain person or　　　*
persons, entity or entities other than　　　*
those entities described above who or　　　*
which manufactured, had　　　*
manufactured, and/or sold any　　　*
component part of the walker which　　　*
caused the Plaintiff's decedent's　　　*
injuries and which is the basis of this　　　*
lawsuit; Fictitious defendant no. 7,　　　*
whether singular or plural, is that　　　*
certain person or persons, entity or　　　*
entities other than those entities　　　*
described above who or which fit　　　*
Plaintiff's decedent for the walker　　　*
made the subject of this lawsuit;　　　*
Fictitious party defendant No. 8,　　　*
whether singular or plural, is that　　　*
certain person or persons, entity or　　　*
entities other than those entities　　　*
described above who or whose　　　*
negligence, wantonness, or other　　　*
conduct contributed to cause the　　　*
occurrence made the basis of this　　　*
lawsuit; Fictitious party defendant No.　　*
9, whether singular or plural, is that　　　*
certain person or persons, entity or　　　*
entities other than those entities　　　*
described above who or which is the　　　*

2

predecessor-in-interest of any of the          *
entities described above.  Plaintiff            *
avers that the identities of the                *
fictitious party defendants herein              *
are otherwise unknown to the Plaintiff          *
at this time or, if their names are             *
known to the Plaintiff, their identities        *
as proper party defendants are                  *
unknown to the Plaintiff at this time,          *
and their true names will be submitted          *
by amendment when ascertained.                  *
                                                *
        Defendants.                             *

## COMPLAINT

1.      Plaintiff's decedent, Donny K. Lewis, was an adult resident citizen of

Alexander City, Tallapoosa County, Alabama at the time of his death.

2.      The Plaintiff, Derenda Lewis, is an adult resident citizen of Alexander City,

Tallapoosa County, Alabama.  She is the widow of Donny K. Lewis and she is the duly

appointed Personal Representative of the Estate of Donny K. Lewis, deceased.  Plaintiff

was appointed Personal Representative of the Estate of Donny K. Lewis by the Probate

Court of Tallapoosa County, Alabama on April 24, 2013.

3.      The Defendant, Invacare Corporation (hereinafter referred to as

"Defendant Invacare"), is a foreign corporation by virtue of its being incorporated in the

state of Ohio and by having its principal place of business in Ohio.  Defendant Invacare

sold, delivered, distributed, designed, fabricated, assembled, altered, manufactured,

and/or had manufactured the walker made the basis of this lawsuit.

4.      The Defendant, East Alabama HomeMed, LLC (herein after referred to as

"Defendant HomeMed") is a domestic limited liability company by virtue of its being

3

formed and registered in the state of Alabama.  Defendant HomeMed sold the walker made the basis of this lawsuit to Plaintiff's decedent, Mr. Donny K. Lewis.

5.     Fictitious Party Defendant No. 1, whether singular or plural, is that certain person or persons, entity or entities, who or which was responsible for the incident giving rise to this lawsuit.

6.     Fictitious Party Defendant No. 2, whether singular or plural, is that certain person or persons, entity or entities, who or which was responsible for the sale, delivery, distribution, design, fabrication, assembly, alteration and/or manufacture of the walker which caused the Plaintiff's decedent's injuries and which is the basis of this lawsuit.

7.     Fictitious Party Defendant No. 3, whether singular or plural, is that certain person or persons, entity or entities other than those entities described above who or which supervised, oversaw, monitored, or otherwise controlled or reserved the right to control production of the final product sold and/or distributed under the Invacare label.

8.     Fictitious Party Defendant No. 4, whether singular or plural, is that certain person or persons, entity or entities other than those entities described above who or which sold, delivered, distributed, designed, fabricated, assembled, altered, manufactured, and/or had manufactured the walker which caused the Plaintiff's decedent's injuries and which is the basis of this lawsuit.

9.     Fictitious Party Defendant No. 5, whether singular or plural, is that certain person or persons, entity or entities other than those entities described above who or which repaired, retrofitted, and/or altered the walker which caused the Plaintiff's decedent's injuries and which is the basis of this lawsuit.

10.    Fictitious Party Defendant No. 6, whether singular or plural, is that certain

4

person or persons, entity or entities other than those entities described above who or which manufactured, had manufactured, and/or sold any component part of the walker which caused the Plaintiff's decedent's injuries and which is the basis of this lawsuit.

11.   Fictitious Defendant No. 7, whether singular or plural, is that certain person or persons, entity or entities other than those entities described above who or which fitted Plaintiff's decedent for the walker made the subject of this lawsuit.

12.   Fictitious Party Defendant No. 8, whether singular or plural, is that certain person or persons, entity or entities other than those entities described above who or whose negligence, wantonness, or other conduct contributed to cause the occurrence made the basis of this lawsuit.

13.   Fictitious Party Defendant No. 9, whether singular or plural, is that certain person or persons, entity or entities other than those entities described above who or which is the predecessor-in-interest of any of the entities described above.

14.   Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff, their identities as proper party defendants are unknown to the Plaintiff at this time, and their true names will be submitted by amendment when ascertained.

<strong><u>JURISDICTION AND VENUE</u></strong>

15.   This case is properly brought in Tallapoosa County Circuit Court pursuant to § 6-3-7(a)(1) and (3), <u>Code of Alabama</u> (Amd. 1999) due to the fact that a substantial part of the events giving rise to Plaintiff's claim occurred in Tallapoosa County on the west side of the Tallapoosa River, and the Plaintiff and Plaintiff's decedent resided in Tallapoosa County, on the west side of the Tallapoosa River.

5

## STATEMENT OF FACTS

16.    The Plaintiff's decedent, Donny K. Lewis, purchased a new Invacare walker from Defendant HomeMed in 2009.  This particular walker has affixed markings or labels reflecting "Model/REF" No. 6291-A, Lot GT090302, and also has affixed markings or labels reflecting "Model/REF" No. 6271, Lot 90327.   While Mr. Lewis was using the walker in his home on or about October 27, 2012, the two front legs of the walker each broke in the middle causing Mr. Lewis to fall to the floor, injuring his left hip. Mr. Lewis was taken to Russell Medical Center in Alexander City.  He was treated and released the same day due to his not having sustained a fracture, and was returned home by ambulance.  This fall caused by the collapse of his Invacare walker exacerbated his existing hip injuries.  Mr. Lewis was confined to his bed and suffered extreme pain.  Mr. Lewis's health deteriorated and he died on March 1, 2013, due to his injuries caused by the failure of the walker.

## COUNT ONE
## LIABILITY OF DEFENDANT INVACARE CORPORATION
## UNDER THE ALABAMA EXTENDED MANUFACTURERS' LIABILITY
## DOCTRINE

17.    Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

18.    At the time of the incident made the basis of this lawsuit and for a substantial period of time prior thereto, Defendant Invacare Corporation was engaged in the business of selling, delivering, distributing, designing, fabricating, assembling, altering, manufacturing, and/or having manufactured walkers of the type being used by the Plaintiff's decedent, Mr. Donny K. Lewis, at the time of the

6

incident made the basis of this lawsuit throughout the United States, including the state of Alabama, for use by certain members of the general public. Defendant Invacare Corporation, during said period of time and for valuable consideration, manufactured or had manufactured to its specifications and then sold and/or distributed the walker which injured the Plaintiff's decedent, Donny K. Lewis.

19.    At the aforesaid place and time, the walker, which was in substantially the same condition as when it was manufactured, sold, and/or distributed by Invacare Corporation, was being used in a manner that was foreseeable by Donny K. Lewis as an ordinary consumer of such products. The walker was not reasonably safe when being used in a foreseeable manner but to the contrary, it was defective and unreasonably dangerous to users when being so used. Defendant Invacare Corporation knew or in the exercise of reasonable care should have known that said walker was unreasonably dangerous to users of its product when being so used in a foreseeable manner. The particular walker Donny K. Lewis was using until its collapse and failure was 1) defective by design in that it was unreasonably or inherently dangerous, risky, or useless; or 2) defective as a result of manufacturing deficiencies because of inferior workmanship and/or inferior or lessor quality materials; or 3) defective for some other reason presently unknown to Plaintiff, such as improper assembly.

20.    The foregoing wrongful conduct of Defendants Invacare Corporation and/or Fictitious Party Defendants 1 through 9 was a proximate cause of the Plaintiff's decedent's injuries and renders said Defendants liable to Plaintiff

pursuant to the Alabama Extended Manufacturer's Liability Doctrine (AEMLD).

WHEREFORE, the Plaintiff demands judgement against Defendants

Invacare Corporation and/or Fictitious Party Defendants 1 through 9 for punitive

damages in a sum to be established by the jury and the costs of this proceeding.

**COUNT TWO**
**NEGLIGENCE AND/OR WANTONNESS OF THE DEFENDANT INVACARE**
**CORPORATION**

21.    Plaintiff reavers and realleges all of the allegations in the preceding

paragraphs as if set out in full herein.

22.    The Defendants, Invacare Corporation and/or Fictitious Party

Defendants 1 through 9 negligently and/or wantonly designed, manufactured, or

had manufactured the subject walker.  As a result of this negligent and/or wanton

conduct, the Plaintiff's decedent, Donny K. Lewis, was caused to suffer serious

injuries resulting in his death.

WHEREFORE, the Plaintiff demands judgement against Defendants

Invacare Corporation and/or Fictitious Party Defendants 1 through 9 for punitive

damages in a sum to be established by the jury and the costs of this proceeding.

**COUNT THREE**
**BREACH OF WARRANTY BY DEFENDANTS**
**INVACARE CORPORATION AND EAST ALABAMA HOMEMED, LLC**

23.    Plaintiff reavers and realleges all of the allegations in the preceding

paragraphs as if set out in full herein.

24.    The Defendants, Invacare Corporation, East Alabama HomeMed, LLC,

and/or Fictitious Party Defendants 1 through 9 expressly and/or impliedly warranted that

8

the walker made the subject of this lawsuit was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that her decedent was a beneficiary of this warranty by the Defendants. Plaintiff avers that said Defendants breached said express and/or implied warranties in that the said walker was not reasonably fit and suitable for the purposes for which it was intended to be used but, on the contrary, the said walker was in a dangerously defective and unsafe condition. Plaintiff further avers that as a proximate result of the aforesaid breach of warranty by said Defendants, the Plaintiff's decedent was caused to suffer serous injuries resulting in his death.

WHEREFORE, the Plaintiff demands judgment against Defendants Invacare Corporation, East Alabama HomeMed, LLC, and/or Fictitious Party Defendants 1 through 9 for punitive damages in a sum to be established by the jury and the costs of this proceeding.

## COUNT FOUR
## FAILURE TO WARN BY DEFENDANTS INVACARE CORPORATION AND EAST ALABAMA HOMEMED, LLC

25.    The Plaintiff realleges and adopts the preceding paragraphs of the Complaint as if set out in full herein.

26.    Defendants Invacare Corporation, East Alabama HomeMed, LLC, and/or Fictitious Party Defendants 1 through 9 negligently and/or wantonly failed to warn Plaintiff of the dangers associated with the aforesaid walker, and/or its component parts, more specifically the faulty design of said walker that compromised the structural integrity of the legs of said walker, from injuring Plaintiff's decedent, Donny K. Lewis, and said negligence and/or wanton conduct was the proximate cause of the decedent's

9

death. Also, the Defendants negligently and/or wantonly failed to instruct users on how to properly and safely utilize the walker, so as to avoid the legs from breaking in the manner described in paragraph 16 of this Complaint.

27.    As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff's decedent, Donny K. Lewis was caused to suffer serious injuries resulting in his death.

WHEREFORE, the Plaintiff demands judgement against Defendants East Alabama HomeMed, LLC and/or fictitious party defendants 1 through 9 for punitive damages in a sum to be established by the jury and the costs of this proceeding.

## COUNT FIVE
## NEGLIGENCE AND/OR WANTONNESS OF THE DEFENDANT
## EAST ALABAMA HOMEMED, LLC

28.    Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

29.    The Defendant, East Alabama HomeMed, LLC and/or Fictitious Party Defendants 1 through 9 negligently and/or wantonly sold, delivered, inspected, maintained, designed, manufactured, and/or assembled the subject walker. As a result of this negligent and/or wanton conduct, the Plaintiff's decedent, Donny K. Lewis, was caused to suffer serious injuries resulting in his death.

WHEREFORE, the Plaintiff demands judgement against Defendants East Alabama HomeMed, LLC and/or Fictitious Party Defendants 1 through 9 for punitive damages in a sum to be established by the jury and the costs of this proceeding.

## COUNT SIX
## NEGLIGENCE AND/OR WANTONNESS AGAINST
## EAST ALABAMA HOMEMED, LLC

30.    Plaintiff reavers and realleges all of the allegations in the Complaint as if set out in full herein.

31.    Defendants East Alabama HomeMed, LLC and/or Fictitious Party Defendants 1 through 9 were negligent and/or wanton in failing to properly fit and/or alter the subject walker so as to prevent injury to Plaintiff's decedent.

32.    As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff's decedent, Donny K. Lewis was caused to suffer serious injuries resulting in his death.

WHEREFORE, the Plaintiff demands judgement against Defendants East Alabama HomeMed, LLC and/or Fictitious Party Defendants 1 through 9 for punitive damages in a sum to be established by the jury and the costs of this proceeding.

## AD DAMNUM CLAUSE

33.    Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

34.    Plaintiff alleges that the conduct of the Defendants, Invacare Corporation, East Alabama HomeMed, LLC, and/or Fictitious Party Defendants 1 through 9 as set forth in the caption of Plaintiff's Complaint, combined and concurred to cause the damages to the Plaintiff.  As a proximate consequence of the wrongful conduct of the Defendants, the Plaintiff's decedent, Donny K. Lewis, was caused to suffer injuries resulting in his death.

11

WHEREFORE, these premises considered, the Plaintiff demands judgment against the Defendants for punitive damages in an amount to be determined by the jury that is mete and proper.

*s/Randall S. Haynes*
RANDALL S. HAYNES (HAY006)

OF COUNSEL:
MORRIS, HAYNES & HORNSBY
131 Main Street (35010)
Post Office Box 1660
Alexander City, Alabama 35011-1660
Telephone: 256-329-2000
Facsimile: 256-329-2015
Email: rhaynes@mhhlaw.net

*s/W. Scears Barnes, Jr.*
W. SCEARS BARNES, JR.
Attorney for Plaintiff

OF COUNSEL:
BARNES & RADNEY
80 N. Central Avenue
Alexander City, Alabama 35010
Telephone: 256-329-8438

## JURY DEMAND

Plaintiff demands a trial by struck jury on all causes of action in the above Complaint.

*s/Randall S. Haynes*
OF COUNSEL

12

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Invacare Corporation
c/o CT Corporation System
1300 East 9th Street
Cleveland, Ohio 44114

East Alabama HomeMed, LLC
c/o The East Alabama Healthcare Authority
2000 Pepperell Parkway
Opelika, Alabama 36801

<u>s/Randall S. Haynes</u>
OF COUNSEL

13